IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Richard Spencer Murray,  )<br>                                  )<br>                    Plaintiff,  )<br>                                  )<br>           vs.                   )<br>                                  )<br>Teamsters,                     )<br>                                  )<br>                    Defendant. )<br>_____) | Civil Action No.6:06-2652-RBH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendant's[1] motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 [Doc. 63]. The plaintiff alleges that the defendant treated him unfairly and unequally in regards to grievances that he filed concerning harassing conduct of a co-worker.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The plaintiff is a former of employee Roadway Express, Inc. During all relevant times, the defendant Teamsters Local Union 28 ("Teamsters" or the "defendant") was the authorized collective bargaining representative of Roadway's employees. (Murray Dep. Ex. 12 at 8-9.)

The plaintiff had a workplace dispute with a fellow Roadway employee, Robert Shaw. Shaw allegedly harassed the plaintiff because he believed that the plaintiff had been

---

[1] The plaintiff's former employer, Roadway Express, Inc. was originally a defendant in this case but has since been dismissed. On September 21, 2007, the parties filed a stipulation of dismissal concerning the plaintiff's claims against Roadway.

improperly given seniority ranking and had otherwise been extended favorable treatment undeservedly.

The plaintiff filed two grievances under the operative collective bargaining agreement regarding the alleged harassment. Both grievances were presented to Roadway and hearings were conducted. (Murray Dep. at 167-70, 183-90; Barnett Decl. ¶ 3, 4.)

The plaintiff then filed a charge with the Equal Employment Opportunity Commission against Teamsters Local Union No. 28, signed March 23, 2006, alleging that he had been subject to "harassment and threats from a White co-worker during my employment with Roadway." (Murray Dep. Ex. 22 at 2.) It is undisputed that after investigation, the EEOC dismissed the charge and issued a "Right-To-Sue" letter.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

As stated, the plaintiff contends that he was harassed and intimidated by a fellow employee of Roadway, Robert Shaw. He alleges that Teamsters Local Union No. 28 essentially ignored his complaints concerning Shaw and "blatantly refused to make Roadway honor the 'no tolerance' harassment policies." (Pl. Resp. Mot. Summ. J. at 2.) The plaintiff has not pled his claims pursuant to any specific federal statute.

The defendant has moved for summary judgment on the basis that it cannot be held liable, under Title VII of the Civil Rights Act of 1964, for any discrimination of Roadway or its employees. It is true that a "labor organization" can only be liable, under Title VII, for an *employer's* discrimination in the workplace if the union "cause[s] or attempt[s] to cause an employer to discriminate against an individual" in violation of Title VII.[2] 42 U.S.C. §2000e-2(c)(3). A labor union, of course, may also be liable for its own discriminatory actions against its members under Title VII. *Id*.; *E.E.O.C. v. Seafarers Intern. Union*, 394 F.3d 197 (4th Cir. 2005) (noting that "Title VII . . . proscribe[s] discrimination by 'employer[s],' 'employment agenc[ies],' and 'labor organization[s].'") It does not appear to the Court, however, that the plaintiff has alleged any such conduct, specifically. Rather, the plaintiff seems to be attempting to hold Teamsters liable for the discrimination of Roadway because Teamsters allegedly did not persuade Roadway to enforce its policies and, thus, failed to provide him with "fair and equal representation." (Pl. Resp. Summ. J. at 2.) But, regardless of whether the plaintiff intends to hold Teamsters liable for its own discrimination or the discrimination of another, his claim fails because he has produced no evidence of a genuine issue for trial.

---

[2] A labor organization may also be liable for excluding, expelling, limiting, segregating, or classifying its members based on race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2(c)(1) & (2). The plaintiff has not made any allegations implicating these bases.

The defendant Teamsters has come forward with the following evidence. The plaintiff filed two grievances under the applicable collective bargaining agreement regarding alleged harassment by Shaw. (Barnett Decl. ¶¶ 3, 4; Murray Dep. at 167-70, 183-90.) Both grievances were presented by the defendant to Roadway managers and a grievance meeting was conducted concerning each. (Barnett Decl. ¶¶ 3, 4.) At both meetings, the grievances were resolved between the plaintiff and Roadway. *Id*. It is further represented by the defendant that the plaintiff and Shaw were eventually able to settle their differences and achieve a mutually respectful working relationship. *Id*. ¶ 4.

The plaintiff has not responded with any evidence whatsoever. It is his burden to do so. *See* Fed. R. Civ. P. 56(e). The plaintiff must demonstrate that there is at least some genuine issue of fact to be resolved at trial. *Id*. He may not rest on mere allegations or denials. *Id*. Here, the plaintiff has presented only allegation, and non-specific allegation at that. The Court appreciates the plaintiff's belief that he was not supported by the defendant (Compl. at 5) but he has hardly explained how he was unsupported, either in his Complaint or in his response to summary judgment. He has not explained how Teamsters representation of him was unfair or unequal. He certainly has not produced any evidence to that end. But even to the extent he might be able to demonstrate that the defendant failed to support him, he certainly has not produced any evidence, of pretext or otherwise, that the defendant's refusal to so assist him was racially motivated. In fact, he does not even allege as much either in his Complaint or in his response to summary judgment.

The Court is unaware of any basis upon which a reasonable jury could find for the plaintiff against Teamsters. It is theoretically possible that Teamsters failed in its obligations to the plaintiff as defined in the relevant collective bargaining agreement but that is not an allegation before the Court. Regardless, it is no basis for a claim of racial *discrimination* under any federal statutory scheme. Whatever the plaintiff's intended claim, whether for

discrimination, violation of the CBA, or other unlawful misconduct, it must fail for a complete want of evidence. The plaintiff has simply failed to create any issue of fact as to his conclusory allegations of unfair treatment and lack of support.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant Teamsters' motion for summary judgment [Doc. 63] should be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

October 17, 2007
Greenville, South Carolina